UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Tyler Aposhian,

                                   Plaintiff,                   **COMPLAINT**

                    -against-

                                                                    **JURY TRIAL DEMANDED**

Stanley Wolfson, Ruschmeyer Hospitality Group LLC,
the Real Hospitality Group, LLC., John Parker, Ben
Seidel, Steven Goldman, Midland Loan Services, PNC
Financial Services Group, Inc.

                                  Defendants.
------------------------------------------------------------------X

## NATURE OF ACTION

On information and belief, Stanley Wolfson owns all or part of the Ruschmeyer Hospitality Group, LLC., which operates a hotel and restaurant in Montauk, New York.[1] Real Hospitality Group is a management company that Ruchmeyer's contracted with to assist in operating Ruschmeyers. PNC Financial Services is a commercial lender that owns and/or controls Midland Loan Services (the "Lenders"). The Lenders exercised control over the Defendants' revenues that would have been used to pay employee wages, which included the wages of Tyler Aposhian. As a result, the Defendants could not pay Tyler, and the Defendants failed to pay Plaintiff approximately $23,668.46 in unpaid wages.

The Defendants willfully committed violations of 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL") by failing to pay the Plaintiff his wages, which includes the minimum wage. Accordingly, Plaintiff brings this action to recover unpaid wages, liquidated damages, statutory penalties and interest, and reasonable attorney fees and costs from the Defendants.

## JURISDICTION AND VENUE

1. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

2. This Court has jurisdiction under 28 U.S.C. §1331, and 29 U.S.C. § 216.

3. Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367.

4. The venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

5. Plaintiff Tyler Aposhian ("Plaintiff" or "Tyler") resides in Vista, California.

---

[1] https://ruschmeyers.com/

6. Defendant Ruschmeyer Hospitality Group LLC ("Ruschmeyers") is a limited liability company with its principal place of business at 161 2nd House Rd, Montauk, NY 11954.

7. Defendant Stanley Wolfson ("Wolfson") is an individual with his principal place of business at 161 2nd House Rd, Montauk, NY 11954.

8. Defendant the Real Hospitality Group, LLC. ("RHG") is a limited liability company with its principal place of business in New York State at 14 Wall Street, 16th Floor, New York, NY 10005.

9. Defendant the Ben Seidel ("Seidel") is an individual with its principal place of business in New York State at 14 Wall Street, 16th Floor, New York, NY 10005.

10. Defendant John Parker ("Parker") is an individual with his principal place of business in New York State at 14 Wall Street, 16th Floor, New York, NY 10005.

11. Defendant Steven Goldman ("Goldman") is an individual with his principal place of business in New York State at 14 Wall Street, 16th Floor, New York, NY 10005.

12. Defendant PNC Financial Services Group, Inc. ("PNC") is a corporation with its principal place of business at The Tower at PNC Plaza, 300 Fifth Avenue, Pittsburg, PA 15222.

13. On information and belief, Defendant Midland Loan Services ("Midland") is a corporation with its principal place of business at 10851 Mastin St # 700, Overland Park, KS 66210.

## BACKGROUND FACTS

14. Stanley Wolfson is an employer under the NYLL and the FLSA. During any period of time whatsoever between January 1, 2019, through March 25, 2020, Wolfson had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the Plaintiff's wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

15. Ruschmeyer Hospitality Group LLC is an employer under the NYLL and the FLSA. During any period of time whatsoever between January 1, 2019, through March 25, 2020, Ruschmeyers had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the Plaintiff's wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

16. The Real Hospitality Group, LLC. is an employer under the NYLL and the FLSA. During any period of time whatsoever between January 1, 2019, through March 25, 2020, RHG had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the Plaintiff's wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

17. John Parker is an employer under the NYLL and the FLSA. During any period of time whatsoever between January 1, 2019, through March 25, 2020, Parker had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the Plaintiff's wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

18. Ben Seidel is an employer under the NYLL and the FLSA. During any period of time whatsoever between January 1, 2019, through March 25, 2020, Seidel had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the

employment of the Plaintiff, (3) set the Plaintiff's wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

19. Steven Goldman is an employer under the NYLL and the FLSA. During any period of time whatsoever between January 1, 2019, through March 25, 2020, Goldman had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the Plaintiff's wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

20. On information and belief, Midland Loan Services is an employer under the NYLL and the FLSA. During any period of time whatsoever between January 1, 2019, through March 25, 2020, Midland, as agent for PNC, had the ability to review employee payroll records to determine if wages were due and could independently decide whether or not to pay Plaintiff his wages and the Ruchmeyer's employees' wages.

21. On information and belief, PNC Financial Services Group, Inc. is an employer under the NYLL and the FLSA. During any period whatsoever between January 1, 2019, through March 25, 2020, PNC had the ability to review employee payroll records to determine if wages were due and could independently decide whether or not to pay Plaintiff his wages and the Ruchmeyer's employees' wages.

22. On information and belief, PNC and Midland are employers under the FLSA through their exercise and control over Ruschmeyer's finances. The Ruchmeyer's employees are economically dependent on PNC and Midland to release Ruchmeyer's funds to pay for the business operations. PNC and Midland exercise discretion and control over releasing money to be used by Ruchmeyer's and RHG to make employee payroll. PNC and Midland are aware of the Ruschmeyer's business operations and encourage and want the business to operate so as to be on ongoing PNC and Midland customer. However, when funds are requested to make payroll, PNC and Midland solely decide whether or not to make such payments. Therefore, PNC and Midland willfully decided to withhold employee wages simply to ensure that PNC could profit at the expense of the Ruchmeyer's employees, which includes Plaintiff.

23. On information and belief, PNC and Midland exercised the above control in the 2019 and 2020 calendar year and are directly responsible for not release the funds necessary for Ruschmeyers and RHG to pay Plaintiff his wages. PNC and Midland are primarily responsible for the violations set forth in this Complaint.

24. On information and belief, all acts attributable to Ruschmeyers is also attributable to PNC, Midland, Wolfson, Ruschmeyer, RHG., Parker, Goldman, and Seidel. All references to Ruschmeyers in this Complaint are being asserted equally to these individuals as well.

25. Parker is the Chief Operating Officer of RHG.

26. On information and belief Parker exercised control over Plaintiff's working conditions in the 2020 and 2019 calendar year.

27. Seidel is the President and CEO of RHG.

28. On information and belief, Seidel exercised control over Plaintiff's working conditions in the 2020 and 2019 calendar year.

29. On information and belief, Goldman was an employee and/or agent of RHG who exercised control over Plaintiff's working conditions in the 2020 and 2019 calendar year.

30. Ruschmeyers is a hotel and restaurant.

31. Ruschmeyers is a hotel that engages in providing lodging accommodations to guests, as well as acting as an eating or drinking place that prepares and offers food or beverage for human consumption on its premises to the public.

32. Corporate Defendant is engaged in the hospitality industry under the NYLL.

33. RHG is a third-party hospitality management business. [2]

34. PNC is a commercial lending institution.

35. Midland is a third-party financial loan servicing company that is owned in whole or in part by PNC.

36. Ruschmeyers is involved in an industry affecting commerce within the meaning of the FLSA.

37. Ruschmeyers' annual revenues exceed $500,000 for the year 2020.

38. Ruschmeyers' annual revenues exceed $500,000 for the year 2019.

39. Ruschmeyers employs at least two employees who regularly engage in interstate commerce.

40. On information and belief, Ruschmeyers regularly employs more than one individual that regularly and customarily uses the interstate telecommunications network to process credit card transactions with firms outside the State of New York.

41. On information and belief, Ruschmeyers regularly purchases goods from locations outside the State of New York and utilizes such products within the State of New York.

42. The business activities of the Ruschmeyers are related and performed through a unified operation or common control for a common business purpose.

43. Ruschmeyers engages in a combination of different activities in the course of its business operation, including but not limited to: (1) serving alcohol, (2) advertising, (3) bookkeeping, (4) managing employees, (5) selling, and (6) hosting parties, (7) purchasing supplies (jointly as the "Related Activities").

44. Ruschmeyers has an organizational structure whereby there is an individual or group of individuals who control the Related Activities.

45. Ruschmeyers failed to keep accurate and sufficient payroll and time records, as required by law.

46. The Plaintiff was directly employed by Ruschmeyers and RHG during the Relevant Time Period.

47. The Plaintiff was not an independent contractor while performing services for Ruschmeyers and RHG.

---

[2] https://www.realhospitalitygroup.com/

48. Ruschmeyers and RHG provided all of the equipment and material for the Plaintiff to perform his job.

49. Ruschmeyers and RHG treated the Plaintiff as a "W-2" wage earner.

50. Ruschmeyers and RHG set the Plaintiff's work schedule and method and rate of pay.

51. Ruschmeyers and RHG assigned the Plaintiff the specific job duties to which he had to perform.

52. The Plaintiff was not free to hire other employees to work in his place to perform his job duties for Ruschmeyers and RHG.

53. Plaintiff never had any ownership interest in Ruschmeyers and RHG and never invested capital into Ruschmeyers or RHG.

**PLAINTIFF TYLER APOSHIAN:**

54. Plaintiff started working for Ruschmeyers on June 26, 2017.

55. Plaintiff stopped working for Ruschmeyers on March 25, 2020.

56. Ruschmeyers employed Plaintiff as a manager.

57. Plaintiff worked for Ruschmeyers in the 2020 calendar year.

58. Plaintiff worked for Ruschmeyers in the 2019 calendar year.

59. To date, the Defendants failed to pay Plaintiff $13,841.58 in reimbursable wages for money Plaintiff spent on behalf of Reschmeyers.

60. To date, the Defendants failed to pay Plaintiff $1,015.38 in unpaid salary.

61. As a result of failing to pay Plaintiff his salary, Plaintiff worked without compensation and was not paid the Federal minimum wage rate for his hours worked nor the New York State minimum wage rate for his hours worked during the week of March 22, 2020.

62. To date, the Defendants failed to pay Plaintiff $3,811.50 in vacation pay.

63. To date, the Defendants failed to pay Plaintiff $5,000.00 in bonus pay.

**FIRST CAUSE OF ACTION**
**(Failure to pay wages)**
**NY Lab. Law §191**

64. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

65. Under NY Lab. Law §191(3), an employer is required to pay an employee by the normal payday immediately following the employee's last day of employment.

66. Defendants failed to pay Plaintiff his wages as required by NYLL §191 by not paying wages

within the statutory time-period.

67. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the NYLL concerning the compensation of the Plaintiff.

68. Because of Defendants' unlawful withholding of wages, Plaintiff suffered harm.

## SECOND CAUSE OF ACTION
### (Unlawful Deductions)
### (NY STATE)
### NY Lab. Law §193

69. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

70. The unlawful wage deduction protections afforded by NY Lab. Law §193 and the related NYS Department of Labor regulations concern unlawful wage deductions cover the Defendants and protect the Plaintiff.

71. Under NY Lab. Law §193, the Defendants were prohibited from making deductions from Plaintiff's wages that were not for Plaintiff's benefit, and not without first obtaining Plaintiff's written permission to make such deductions.

72. The Defendants required, as a condition of employment, for Plaintiff to pay for the Defendants' business expenses. The Plaintiff incurred these expenses, and the Defendants never repaid Plaintiff.

73. By the Defendants' conduct, Plaintiff is entitled to receive the reimbursement of the unlawful deduction, liquidated damages, attorney fees, costs, and pre-judgement and post-judgement interest from the Defendants.

## THIRD CAUSE OF ACTION
### (Failure to pay minimum wage)
### (FEDERAL)
### 29 U.S.C §206

74. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

75. The minimum wage provisions outlined in the FLSA, 29 U.S.C. §§ 201 *et seq.* and the supporting federal regulations apply to Defendants and protect the Plaintiffs.

76. Defendants failed to pay Plaintiff minimum wages to which he is entitled under the FLSA and the supporting Federal Regulations.

77. Because of Defendants' unlawful acts, Plaintiff has been deprived of minimum compensation in amounts to be determined at trial and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation according to the FLSA.

78. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA concerning the compensation of the Plaintiff.

79. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### FOURTH CAUSE OF ACTION
### (Failure to pay minimum wage)
### (NY STATE)
### 12 N.Y.C.R.R §146-1.2

80. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

81. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiffs.

82. Defendants failed to pay Plaintiff overtime wages to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

83. By Defendants' knowing or intentional failure to pay Plaintiff the minimum wages for hours worked, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

84. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, reasonable attorney's fees and costs of the action, and prejudgment and post-judgment interest from the Defendants.

### FIFTH CAUSE OF ACTION
### (BREACH OF CONTRACT)
### (NY STATE COMMON LAW)
### 12 N.Y.C.R.R §146-1.2

85. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

86. Plaintiff and Defendants were bound by an employment contract through the employer-employee relationship.

87. Under the contract, the Plaintiff was entitled to be paid his wages as agreed upon with the Defendants.

88. The Defendants breached the agreement by failing to pay Plaintiff his wages as set forth in this Complaint.

89. Due to the Defendants' breach, Plaintiff has suffered harm.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B. Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

C. Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL;

D. The full value of Plaintiff's unpaid wages pursuant to New York Contract law.

E. Prejudgment interest and post-judgment interest;

F. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

G. Reasonable attorney fees and costs of the action;

H. Such other relief as this Court shall deem just and proper.

# **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   White Plains, New York
         September 11, 2020

EL-HAG & ASSOCIATES, P.C

_____

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com