## FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT

This General Release and Settlement Agreement, hereinafter "Agreement," is by and between by and between **Tyler Aposhian**, an adult individual hereinafter "Plaintiff," and **Stanley Wolfson, Ruschmeyer Hospitality Group LLC, the Real Hospitality Group, LLC., John Parker, Ben Seidel, Steven Goldman** on behalf of themselves and their past, present, and future affiliates, partners, stockholders, successors, assigns, officers, directors, owners, managers, members, joint ventures, insurers and reinsurers, attorneys, agents, representatives, employees, former employees, and any other person, firm or corporation with whom any of it is now or may hereafter be affiliated, in their individual capacities as such, (hereinafter "Defendants"), collectively "the parties."

## BACKGROUND

**WHEREAS**, Plaintiff filed an action in the Federal District Court for the Southern District of New York, *2:20-cv-04349-GRB-ARL Aposhian v. Wolfson et al* (the "Lawsuit") against Defendants, alleging certain violations of the Fair Labor Standards Act 29 U.S.C. § 201 *et seq*., and the New York Labor Law for Defendant's alleged failure to pay wages and provide certain wage notices, and Defendants denied those claims.

**WHEREAS**, the terms of this Agreement are the result of mutual negotiations and compromise between Defendants and Plaintiff through their respective counsel and reflects a desire of Plaintiff and Defendants to enter into this Agreement to resolve any and all disputes and claims between them.

**WHEREAS**, to the extent there may be monies owed to Plaintiff under the Fair Labor Standards Act and/or the New York Labor Law, the Parties acknowledge there is a genuine good faith dispute over, among other things, the number of hours worked by the Plaintiff; and,

**WHEREAS**, the meaning, effect and terms of this Agreement have been fully explained to Plaintiff and Defendants by their own counsel, and Plaintiff understands that by entering into this Agreement she waives with prejudice any and all charges, claims, actions or causes of action against Defendants including, without limitation, those filed in the action captioned above.

**NOW, THEREFORE**, for the consideration of the mutual promises, covenants, and conditions contained herein and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **No Admission of Liability:** Plaintiff and Defendants acknowledge and agree that the parties are entering into this Agreement to avoid the costs and risks of further litigation and to amicably settle all differences between them, and that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed as an admission byDefendants of any liability, or violation.

2. **Specific Wage and Hour Release by Plaintiff:** In consideration for payment of the Settlement Amount and Defendants' obligations contained herein, Plaintiff agrees to irrevocably and unconditionally release, acquit, and forever discharge Defendants and their parents, subsidiaries, members, managers, officers and directors of and from any and causes of action arising under the Fair Labor Standards Act asserted in the Complaint in the Lawsuit.

The Parties understand and agree nothing in this Agreement is intended to waive claims (i) for unemployment or workers' compensation benefits, (ii) for vested rights under ERISA-covered employee benefit plans as may be applicable on the date Plaintiff signs this Agreement, (iii) that may arise after Plaintiff signs this Agreement, or (iv) which cannot be released by private agreement.

Furthermore, the Parties agree that the Plaintiff is not waiving any claims arising under the New York Labor Law asserted in the Complaint in the Lawsuit (the "NYLL Claims"). The Parties agree that the NYLL Claims will be withdrawn without prejudice and that statute of limitations on

2

any NYLL claims asserted in the Complaint in the Lawsuit will be tolled for a period of six (6) months from the date the Court approves this Agreement and endorses the voluntary stipulation of dismissal.

For the avoidance of doubt, nothing in this Release nor any other provision of this Agreement is intended to affect, nor shall it be interpreted to affect, the right of any individuals apart from the Parties as defined above.

**3. Payment Terms:** In consideration of the limited FLSA unpaid wage release in this Agreement, within Fourteen (14) calendar days of the Court's approval of this Agreement, the Defendants shall make a payment of One Thousand Five Hundred and Zero Cents Dollars ($1,500.00) as follows:

*a.* The Defendants shall issue a check to El-Hag & Associates, PC in the amount of $500 as and for attorney fees and expenses, which shall not be subject to tax withholding or payroll deductions, for which Defendants will issue an IRS Form 1099 El-Hag & Associates, PC. This Payment shall be divided as follows:

- Defendants Wolfson and/or Ruschmeyer Hospitality Group LLC shall pay $250.00.

- Defendants Real Hospitality Group LLC and/or Parker, Seidel or Goldman shall pay $250.00.

*b.* The Defendants shall issue a check to Tyler Aposhian in the amount of Five Hundred and Zero Cents Dollars ($500.00), subject to payroll withholding taxes and deductions, reported on IRS W-2 form for unpaid wages. This settlement payment will be divided equally as follows:

- Defendants Wolfson and/or Ruschmeyer Hospitality Group LLC shall pay $250.00.

- Defendants Real Hospitality Group LLC and/or Parker, Seidel or Goldman shall pay $250.00.

c. The Defendants shall issue a check to Tyler Aposhian in the amount of Five Hundred and Zero Cents Dollars ($500.00) as and for liquidated damages, which shall not be subject to tax withholding or payroll deductions, for which Defendants will issue an IRS Form 1099 to Tyler Aposhian. This settlement payment will be divided equally as follows:

- Defendants Wolfson and/or Ruschmeyer Hospitality Group LLC shall pay $250.00.
- Defendants Real Hospitality Group LLC and/or Parker, Seidel or Goldman shall pay $250.00.

4. **Consideration:** The Plaintiff acknowledges that: (a) the payments, rights and benefits being made hereunder by the Defendants are being accepted by the Plaintiff as good and valuable consideration to resolve a disputed claim, (b) this Agreement is intended as a full settlement and release of all of the Plaintiff's rights, entitlements, claims, actions or causes of action against Defendant arising from the allegations she raised in the Lawsuit. (c) unless specifically provided for in this Agreement, the Defendants shall not and will not have any other liability or obligation to the Plaintiff, now or in the future for any reason whatsoever arising from actions specifically as set forth above.

5. **Order of Court Approval:** Upon execution of this Agreement, the Parties will present this Agreement to the Court for its approval. The Parties agree to cooperate with one another in the preparation of any paperwork which may be necessary to obtain Court approval of this Agreement, although it is understood and agreed that Plaintiff shall bear the primary responsibility for drafting the Parties' joint letter to the Court. In the event the Court fails to approve the Agreement and enter an order of dismissal of the Lawsuit in accordance with this Agreement, the parties shall meet and confer to discuss the Parties' next course of action.

6. **Prevailing Party:** Plaintiff and Defendants expressly acknowledge that this settlement

agreement shall not be used in the future, as the basis of an application for costs or attorney's fees to prove that either party is the "prevailing party" for the purposes of this litigation.

**7.** **[Intentionally Left Blank]**.

**8.** <u>**Taxes**</u>: It is further agreed by and between the Parties that the Plaintiff shall be fully responsible for any State or Federal employee paid taxes that may be finally determined to be owing, as a result of Plaintiff's individual tax liability, by any taxing authority as a result of the cash settlement payment described herein. Plaintiff agrees to be responsible for any such taxes and Plaintiff agrees to indemnify, defend and hold the Defendants harmless from any claims for additional taxes, penalties and/or interest that any such taxing authority may finally assess, except if the IRS determines that standard employer FICA/FUTA or similar federal or state taxes paid by Defendants as part of W-2 wages are due as set forth above in paragraph 3(a).

**9.** **[Intentionally Left Blank]**.

**10.** **[Intentionally Left Blank]**.

**11.** <u>**Neutral Reference**</u>: Defendants agree to provide a neutral reference for Plaintiff to prospective employers consisting of confirmation of title and dates of employment; prospective employers will be told that it is the policy of Defendants to provide no further information.

**12.** <u>**Attorneys' Fees and Costs**</u>: This Agreement effectuates settlement as to all claims including any claim for attorney's fees and costs, which the Plaintiff may have been entitled to recover under federal and/or state law. The Parties shall each bear their own costs, fees and expenses incurred in connection with the Action and in the preparation of this Agreement, except as expressly set forth in the Agreement.

**13.** <u>**Indemnification**</u>: In the event of a breach of any material term or condition of this Agreement, the non-breaching party may seek appropriate redress. In the event of litigation over the breach of this Agreement, the prevailing party shall be entitled to have its costs and reasonable counsel fees paid by the non-prevailing party.

5

**14.Documentation:**  The Parties agree to take such further action and execute and deliver such additional documents as may be reasonably necessary or appropriate to effectuate the terms of this Agreement.

**15.  No Presumption Against Drafter:**  The Parties acknowledge and agree that: (a) this Agreement has been freely negotiated by the Parties, (b) in any controversy, dispute or contest over the meaning, interpretation, validity, or enforcement of this Agreement, or any of its terms and conditions, there shall be no inference, presumption or conclusion drawn whatsoever against any Party by virtue of that Party having drafted or participating in the drafting of this Agreement or any portion thereof, and (c) they hereby knowingly, intelligently and voluntarily waive the benefit of any law, court decision, or rule of contract construction that would otherwise permit a court to construe any perceived ambiguity in this Agreement against the drafter of this Agreement.

**16.  Representations:**  Defendants warrant that no promise or inducement has been offered except as herein set forth. Plaintiff agrees that this Agreement has been executed by her without reliance upon any statement or representation by the person or parties released, or their representatives, or attorneys, in any manner, oral, written, implied or otherwise, concerning the nature and extent of the alleged injuries and/or damages and/or legal liability therefore.

**17.  Invalidity:**  If any provision of this Agreement shall for any reason be held to be invalid or unenforceable, any such invalidity or unenforceability shall not affect any other provision hereof or thereof, but this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein or therein.

**18.  Binding Effect:**  This Agreement shall be binding upon and inure to the benefit of each of the Parties hereto and, as applicable, their respective divisions, subsidiaries, affiliated companies, officers, directors, servants, agents, Plaintiff's heirs, executors, administrators, successors and assigns.

**19.  Governing Law:**  This Agreement shall be governed by, and construed and enforced

in accordance with, the laws of the State of New York without regard to its conflict of law provisions.

**20. Headings:** Headings of the paragraphs of this Agreement are for the convenience of the Parties only and shall be given no substantive or interpretive effect whatsoever.

**21. Entire Agreement:** This Agreement constitutes the entire agreement between the Parties, and the Parties hereby represent and warrant there are no other agreements, promises, representations, or warranties made or given in connection with any of the foregoing or concerning the subject matter of this Agreement that are not contained or expressed herein.

**22. Amendments and Waivers:** The provisions of this Agreement shall not be modified or amended unless by written agreement entered into and signed by all Parties to this Agreement, and may be waived only by a written waiver signed by all Parties. No waiver, modification or amendment shall extend to or affect any obligation not expressly waived, modified or amended, or impair any right related to such obligation.

**IN WITNESS WHEREOF**, the Parties have read and agree to be bound by the above terms and conditions and have entered into this Agreement effective as of the date set forth above. Plaintiff hereby certifies that she is entering into this Agreement knowingly and voluntarily and not as a result of any pressure, coercion or duress. Plaintiff is strongly encouraged to consult with counsel prior to the signing of this Agreement. Plaintiff acknowledges that Plaintiff sought legal counsel before entering into this agreement.

The individual signatory for Defendants, by the signature below, warrants that she is authorized to enter into this agreement by and on behalf of the Defendants for whom this Agreement is executed.

**By:**

_Tyler Aposhian_
ED7FDC6E3B694D4...
_____        4/29/2022
Tyler Aposhian                                          _____
                                                        Date

_____        _____
Stanley Wolfson                                         Date

_____        _____
Ruschmeyer Hospitality Group LLC                        Date

_____        _____
The Real Hospitality Group, LLC                         Date

_____        _____
John Parker                                             Date

_____        _____
Ben Seidel                                              Date

_____        _____
Steven Goldman                                          Date

DocuSign Envelope ID: F6A0C422-7FF0-4FBA-BE6F-D01F8D5872BC

DocuSigned by:

_Tyler Aposhian_
ED7FDC6E3B694D4

Tyler Aposhian

4/29/2022

_____
Date

_____
Stanley Wolfson

_____
Date

Ruschmeyer Hospitality Group LLC

_____
Date

The Real Hospitality Group, LLC

5/16/2022
_____
Date

John Parker

5/16/2022
_____
Date

Ben Seidel

5/16/2022
_____
Date

Steven Goldman

_____
Date

DocuSigned by:

Tyler Aposhian

ED7FDC6E3B694D4...

Tyler Aposhian

4/29/2022

Date

Stanley Wolfson

4/30/2022

Date

Ruschmeyer Hospitality Group LLC

4/30/2022

Date

The Real Hospitality Group, LLC

Date

John Parker

Date

Ben Seidel

Date

Steven Goldman

Date

8

DocuSigned by:

*Tyler Aposhian*

ED7FDC6E3B694D4

Tyler Aposhian

4/29/2022

Date

_____

Stanley Wolfson

_____

Date

_____

Ruschmeyer Hospitality Group LLC

_____

Date

_____

The Real Hospitality Group, LLC

_____

Date

_____

John Parker

Date

Ben Seidel

Steven Goldman

Date

5/20/22

Date

8